1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KEVIN SHAWN VOAGE,

11             Petitioner,                    No. CIV S-11-2270 DAD P

12        vs.

13   CALIF. SUPERIOR COURT,

14             Respondent.                    ORDER

15   _____/

16        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma

18   pauperis.

19        Examination of the in forma pauperis application reveals that petitioner is unable

20   to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be

21   granted.  See 28 U.S.C. § 1915(a).

22                          **PRELIMINARY SCREENING**

23        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to

24   dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to

25   it that the petitioner is not entitled to relief in the district court. . . ."  Rule 4, Rules Governing

26   Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may

                                      1

dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

**BACKGROUND**

On August 24, 2011, petitioner commenced this action by filing a form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Therein, he indicates that a Yolo County Superior Court jury convicted him of receiving stolen property and found a number of sentencing enhancement allegations to be true. On August 19, 2011, petitioner was sentenced to thirty years to life in state prison. According to the form petition, on the same day, petitioner's counsel filed a notice of appeal.

**ANALYSIS**

The exhaustion of state court remedies is a prerequisite to the granting of a federal petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986). In this case, petitioner concedes that he has not presented any of the claims set forth in his federal petition for relief to the California Supreme Court. Accordingly, this action will be dismissed without prejudice due to petitioner's failure to exhaust his claims by properly presenting them to the state high court. In light of petitioner's failure to exhaust his claims in state court before presenting them in this federal habeas proceeding, all of petitioner's pending motions will be denied as moot.

/////

/////

2

**OTHER MATTERS**

Rule 11 of the Federal Rules Governing Section 2254 Cases states that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should be granted for any issue that petitioner can demonstrate is "'debatable among jurists of reason,'" could be resolved differently by a different court, or is "'adequate to deserve encouragement to proceed further.'" Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). For the reasons set forth above, the undersigned declines to issue a certificate of appealability in this action.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (Doc. No. 7) is granted;

2. Petitioner's application for a writ of habeas corpus (Doc. No. 1) is dismissed without prejudice;

3. All pending motions (Doc. No. 3) are denied as moot;

4. A certificate of appealabilty is not issued in this action; and

5. This action is closed.

DATED: October 11, 2011.

Dale A. Drozd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
voag2270.103

3